E-FILED
Wednesday, 07 April, 2021  01:26:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

LEON SNIPES,
              PLAINTIFF,

                                        CASE   NUMBER

VERSUS

EDWARD S. GLAZAR, JR., an Illinois attorney; KATHLEEN T. ZELLNER, an Illinois Attorney; JAMES D. MONTGOMERY, SR., an Illinois Attorney; ELLIOT R. SCHIFF, an Illinois Attorney; MARTIN A. DOLAN, an Illinois Attorney; ARTHUR R. LOEVY and JON LOEVY, Both Illinois Attorneys; CRAIG D. TOBIN, an Illinois Attorney; DONALD A. SHAPIRO, an Illinois Attorney;

          DEFENDANTS.

This is a Civil Rights Action pursuant to 42 United States Code Section 1983 (suits against state officials or those in collusions with state officials for Constitutional violations; where all defendants listed or presently unknown are being sued in their personal and individual capacity and where also applicable herein in their official capacity as well).

          - JURY DEMAND ON ALL TRIABLE CLAIMS -

Subscribed and sworn to before me
this          day of March 2021.

          Notary Public
State of
County of

                              Respectfully submitted,
                              Leon S
                              LEON SNIPES
                              17019 County Farm Road
                              Rushville, Illinois 62681

Now comes the Plaintiff, LEON SNIPES, pro se, and states as follows: My current address is: 17019 County Farm Road, Rushville, Illinois 62681

1. The defendant, Edward S. Glazar, Jr., is employed as an Illinois Attorney, and the address is: ONE Dearborn Square, Suite 320, Kankakee, Illinois 60901.

2. The defendant, Kathleen T. Zellner, is employed as an Illinois Attorney, and the address is: 1801 Butterfield Road, Suite 650, Downers Grove, Illinois 60515.

3. The defendant, James D. Montgomery, Sr., is employed as an Illinois Attorney, and the address is: 33 West Monroe Street, Suite 1375, Chicago, Illinois 60603.

4. The defendant, Elliot R. Schiff, is employed as an Illinois Attorney, and the address is: ONE East Wacker Drive, Suite 1100, Chicago, Illinois 60601.

5. The defendant, Martin A. Dolan, is employed as an Illinois Attorney, and the address is: 10 South LaSalle Street, Suite 3702, Chicago, Illinois 60603.

6. The defendants: Arthur R. and Jon Loevy, are employed as Illinois Attorneys, and the address is: 311 North Aberdeen Street, 3rd Floor, Chicago, Illinois 60607

7. The defendant: Gregg D. Tobin, is employed as an Illinois Attorney, and the address is: 3 First National Plaza, Suite 1950, Chicago, Illinois 60602

8. The defendant: Donald A. Shapiro, is employed as an Illinois Attorney, and the address is: 180 North LaSalle Street, Suite 1801, Chicago, Illinois 60601.

9. The defendant: John M. McCarthy, is employed as an appellate defender, and the address is: 4th Dist. App. Defender, 400 South Ninth Street, Suite 102, Springfield, Illinois 62705-5750

10. The defendant, Peter A. Carusona, is employed as an appellate defender, and the address is

11. The defendant, Paul J. Glaser, is employed as an Illinois appellate defender, and the address is: ONE Douglas Avenue, 2nd Floor, Elgin, Illinois 60120

12. The defendant, John Jamie Boyd, is a former S.A. employed as a public defender, and the address is

SECTION 1983 - CIVIL RIGHTS/BIVEN AFFIDAVIT COMPLAINT

I, LEON SNIPES, pro se, the Lead Plaintiff, being first duly sworn upon oath, deposes and states under penalty of perjury pursuant to 735 ILCS 5/1-109, 18 U.S.C. SECTION 1621 and 28 U.S.C. SECTION 1746 that the entire contents herein, and all attached or appended supportive court documents out of the record to all be heavily relied upon are all authentic, correct and true facsimiles as received to the best of my knowledge and belief. And also by the affix of my signature hereon, also attest to the veracity of all assertions, contentions and claims presented herein exposing the still ongoing CORRUPTED state court governmental collusions that has caused our FALSE IMPRISONMENT to now exist for decades unimpeded and unresolved to date. Hence, this Honorable Court's indulgence is urged to promptly entertain this instant action in its entirety and further grant all and any other such relief deemed reasonable and just. Thus, Affiant SNIPES further deposes and states as follows:

1. Affiant SNIPES brings this instant action as a co-Plaintiff similarly situated on the grounds of MORAL TURPITUDE, procedural and substantive due process and equal protection; denial of access to the courts; legal malpractice and unauthorized practice of laws arising under state and federal laws against all state and federal court officials listed and the lawyers acting in collusion in each of their individual and personal capacity. The Plaintiffs demand a jury on all triable claims.
   Specifically, the United States Supreme Court (SCOTUS) has since 1976 imposed a ministerial obligation and mandate in Imbler vs. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) that require all state and federal judges and prosecuting officers to promptly alert the proper prosecuting officer(s) of the correctness of the conviction(s).
   During the most often times repeated course of handling or reviewing the various underlying state trial court criminal matters below, it was then brought to the direct attention of each defendant listed and more that one or all of the Plaintiffs were held FALSE IMPRISONED for decades now as the palpable consequences of the State's use of SELECTIVE PROSE-CUTION, in violation of the Equal Protection Clause based upon race and politics. However, since that defendant's EXPOSURE, NOT EVEN one of those sworn upon oath to support and defend the state and federal Constitution as an officer of the Court and civil servant had the audacity, decency nor integrity mandated by SCOTUS, had taken absolutely no damn steps whatsoever to alert the proper prosecuting officer(s) of the correctness of the conviction(s) to date. Although the precise issues addressed by SCOTUS are direct specifically at the prosecuting officers and judges, SCOTUS' dictum applies to all the lawyers including private attorneys, to promptly disclose/reveal that VITAL exculpatory evidence and information of this ongoing CORRUPTED state court governmental collusions and the FALSE IMPRISONMENT of INNOCENCE Black men, as herein, to the proper prosecuting officer(s). That ongoing ministerial obli-gation and mandate carries with it no absolute immunity defense for no state or federal judge or prosecuting officer to invoke. because they are now each responsible for the annihilation of the United States court system and integrity and credibility of the public's trust therein. So no good ole boy slaps on the wristmess.

2. Specifically, there still exist these damn dirty ongoing malicious and vindictive CORRUPTED state court governmental collusions that has for decades now kept FALSE IMPRISONED all 3 (three) of us INNOCENCE Black men for political and racial gain just to fraudulently conceal that every damn one of those dirty underlying state trial judges and prosecutors involved had to knowingly and intentionally turn them-selves into federal criminals and fugitives just to falsify all convict-ions existence and pull off these acts of governmental corruption unde-

tected.

3. People vs. Leon Snipes, Kankakee County (Illinois) Court case Number 89 CF 330 criminal matter (J. Daniel W. Gould); hereinafter Snipes' 1989 case;
People vs. Leon Snipes, Kankakee County (Illinois) Court case Number 95 CF 551 criminal matter (J. Robert H. Adcock); hereinafter Snipes' 1995 case.
People vs. Keveze V. Tanzy, Kankakee County (Illinois) Court case Number 94 CF 887 criminal matter (J. Robert H. Adcock); hereinafter Tanzy's 1994 case.
People vs. Keith Clark, Peoria County (Illinois) Court case Number 11 CF 122 criminal matter (J. Stephen A. Kouri); hereinafter Clark's 2011 case
In re: The Commitment of Leon Snipes, Kankakee County (Illinois) case Number 18 MR 159 civil matter (J. Michael C. Sabol); hereinafter Snipes' 2018 civil detainment case.

4. Most of the VITAL court documents and record and other vital facts and evidence most often times repeatedly provided for each lawyer listed, especially since 2016 or before sought "legal representation" and the whistleblowing requests were either implicitly or specifically informed. So that lawyer became well aware of the then still ongoing nature of the dirty unscrupulous state court governmental schemes of colluded CORRUPTION that FALSE IMPRISON for decades one or more of us 3 (three) INNOCENCE Black men for political and racial gain. So not only those lawyers directly involved that handled these various underlying criminal matters or the collateral court proceedings did absolutely nothing to whistleblow or alert the proper prosecuting officicer(s) of what federal criminal acts were brought to their direct attention but neither did those lawyers that were most times repeatedly asked by mail.

5. Each of those lawyers listed were aware or should have been aware that the damn dirty unscrupulous Illinois Third District Appellate Court, usually commencing upon direct appeal of the case, would perpetrate fraud onto its Court where it repeatedly falsified the appellate court record just to cover up by lying on record about what actually occurred in each state trial court just to unlawfully keep every one of us 3 (three) INNOCENCE Black men that were clearly acquitted or exonerated on all charges FALSE IMPRISONED to date. For example, as follows in pertinent part on page A2:
Snipes' 1995 case, on direct appeal, that appellate court falsified/lied "At the defendant's first trial the jury could not reach a verdict. Following the mistrial, the defendant was tried again."

Then some damn 13 (thirteen) years thereafter on December 5th 2011, on a P.C. appeal that appellate court finally reveals the truth concerning just the first and second juries' verdicts in pertinent part states as follows: "A jury found defendant (LEON SNIPES) not guilty of one count of criminal sexual assault and guilty of aggravated criminal sexual abuse. The jury was unable to reach a verdict on the remaining counts. At a subsequent trial, defendant was found guilty of criminal sexual assault and unlawful restraint." *Please see both the appellate court decisions attached.

6. Public defender, Edward S. Glazar, Jr., was the dirty unscrupulous attorney appointed to handle the retrial/second trial on Snipes' 1995 case and Glazar clearly knew that pursuant to state and federal laws and the United States Constitution on the Double Jeopardy Clause, that first jury clearly disposed of all 4 (four) counts charged in the Bill of Indictment. Dirty Glazar was also clearly aware that dirty unscrupulous Judge Adcock colluded to cause the second jury to unlawfully convert those actually 2 (two) "implied acquittal" counts into 2 (two) convictions. So not only is there no absolute immunity defense available under the laws for Judge Adcock or those 2 (two) dirty unscrupulous state trial prosecutors, William S. Dickenson or Kim Donald; but there also is no damn Public and Appellate Defender Immunity Act available under the laws for dirty Glazar nor appellate defender, John M. McCarthy nor other appellate defenders for each of their deliberate betrayal and willful and wanton misconduct. Please see Johnson vs. Halloran, 194 Ill. 2d 493, 742 N.E. 2d 741 (Ill. Sup. Ct. 2001).